United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CRAZY MAPLE STUDIO, INC., | Case No. 21-cv-08095-LB |
| Plaintiff, | |
| v. | **ORDER ON ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| MARIE FORCE, et al., | |
| Defendants. | Re: ECF No. 21 |

**ORDER**

The defendants, Marie Force and HTJB, Inc., filed a motion to dismiss and, under N.D. Cal. Civ. L. R. 79-5, filed certain exhibits provisionally under seal because the plaintiff, Crazy Maple Studio, alleged confidentiality that justified sealing. The defendants contend that the documents should not be sealed. The documents at issue are an EBook Distribution Agreement and a Facebook post (filed as Exhibits A and B to the Force declaration) and the redacted version of the defendants' motion to dismiss.[1] The plaintiff contends that the exhibits and related references should remain sealed.[2] While the portions of the EBook Distribution Agreement (and references to

---

[1] Admin. Mot. re Sealing – ECF Nos. 21, 21-3, 21-4, 21-5, 21-6, 21-7; Force Decl. – ECF No. 23-1; Defs.' Response re Sealing – ECF 32. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Opp'n to Admin. Mot. re Sealing – ECF No. 25.

the EBook Distribution Agreement in the motion to dismiss) concerning profit sharing and the financial obligations of the parties may be subject to sealing on the basis that those terms are subject to the confidentiality clause and could harm the plaintiff's business, the plaintiff has not made a particularized showing of the need for confidentiality. The court denies the plaintiff's request to seal sections 1.1.12, 1.1.15, 1.1.16, 2.1, 2.2, 4.1, 4.2, 4.3, and 6.2 of the EBook Distribution Agreement without prejudice. The court unseals the Facebook post because it has already allegedly been disclosed to 8,800 members of the "Authors Support Network" Facebook group. The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[3]

## ANALYSIS

There is a presumption in favor of permitting public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A sufficiently compelling reason for preventing disclosure may, however, overcome this right of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The protection of trade secrets is a sufficiently compelling reason. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). And "pricing terms, royalty rates, and guaranteed minimum payment terms" fit the definition of a trade secret and may be subject to sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Moreover, confidential information that is "not intended for public disclosure" may be sealed. *See Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, No. C08-02581 JF(HRL), 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010) (sealing selected portions of deposition transcripts subject to stipulated protective order).

But "tepid and general justifications" (*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006)) and "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning'" (*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)) are insufficient to establish a compelling reason for sealing. For instance, a "bare assertion of harm, stating that the documents 'contain confidential and proprietary business information'" and

---

[3] *See* Consents – ECF Nos. 14 and 20.

United States District Court
Northern District of California

declarations that a business "'would likely be harmed by the disclosure of such information, which includes competitively sensitive information regarding pricing, costs and profit margins'" do not justify sealing. *PNY Techs., Inc. v. Sandisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 12792253, at *1–2 (N.D. Cal. Jan. 2, 2014) (denying motion to seal based on confidentiality agreement and stipulated protective order where the "parties provide[d] nothing more than '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning' of 'specific prejudice or harm.'"). The requirement to make a particularized showing for each item sought to be sealed applies even where the material is potentially sealable under the standard set forth in *In re Elec. Arts*. *See, e.g.*, *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 8991707, at *3 (N.D. Cal. Feb. 21, 2020) (declining to seal even where some of the material fit the definition of sealable material set forth in *In re Elec. Arts* because the request was based on a "general and conclusory" claim rather than being "particularized to each piece of information sought to be sealed.").

The plaintiff asks the court to seal exhibits pertaining to the EBook Distribution Agreement, including sections 1.1.12, 1.1.15, 1.1.16, 2.1, 2.2, 4.1, 4.2, 4.3, and 6.2.[4] The agreement includes a confidentiality provision.[5] The plaintiff's declaration submitted in support of its request to seal the subject portions of the EBook Distribution Agreement states that disclosure would provide "competitors with an unfair advantage" because it would give competitors "insights into the Plaintiff's corporate valuation and earnings."[6] The declaration also asserts that "subsection 1.1.16's confidential information used to calculate net profit is critical financial and business information of Plaintiff, the disclosure of which would harm Plaintiff's business and competitive standing."[7] The declaration in support of sealing other portions of the agreement are similarly general and conclusory. Additionally, only section 4.1 of the agreement appears to reference a

---

[4] Opp'n to Admin. Mot. to re Sealing – ECF No. 25 at 3.

[5] *Id.* at 5.

[6] Zhao Decl. – ECF No. 25-1 at 2 (¶ 3).

[7] *Id.* at 3 (¶ 7).

specific royalty rate.[8] The court denies the plaintiff's requests as to sections 1.1.12, 1.1.15, 1.1.16, 2.1, 2.2, 4.1, 4.2, 4.3, and 6.2 of the agreement without prejudice because the plaintiff has not made a particularized showing of the need for confidentiality.

The defendant's request to seal portions of Exhibit B, a Facebook post, is denied with prejudice. According to the complaint, the post was available to 8,800 members of the "Authors Support Network" Facebook group. The complaint also describes the post and includes a series of unredacted comments concerning the post. Given these disclosures, there is no good cause or compelling reason to redact the post in this litigation. *See Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (finding that there was no good cause to seal a declaration that had already been filed on the court's public docket).

## CONCLUSION

The court denies the request to seal sections 1.1.12, 1.1.15, 1.1.16, 2.1, 2.2, 4.1, 4.2, 4.3, and 6.2 of the EBook Distribution Agreement without prejudice and denies the request to seal portions of Exhibit B, the Facebook post with prejudice. The plaintiff may file a motion to seal sections 1.1.12, 1.1.15, 1.1.16, 2.1, 2.2, 4.1, 4.2, 4.3, and 6.2 of the EBook Distribution Agreement by December 22, 2021. If the plaintiff does not file a motion to seal by that date, the defendants shall file their motion to dismiss without redactions on the court's public docket.

This disposes of ECF No. 21.

**IT IS SO ORDERED.**

Dated: December 17, 2021

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[8] *Id.* at 3 (¶ 9); Ex. A, Force Decl. – ECF No. 21-3 at 5.